USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/15/2018

CLAYMAN & ROSENBERG LLP
305 Madison Avenue, Suite 1301
New York, NY 10165
Email: valentino@clayro.com
(212) 922-1080
ATTORNEYS FOR DEFENDANT

Dated: October 15, 2018
New York, New York

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

KATHLEEN SYPERT, on behalf of herself and
all others similarly situated,

                      Plaintiffs,

-against-

RIVIERA CATERERS INC.,

                      Defendant.

-------------------------------------------------------------x

_/s/ Lorna G. Schofield_
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Index No.: 1:18-cv-06522-LGS

## **CONSENT DECREE**

1.    This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 10, by and between the following parties: Plaintiff KATHLEEN SYPERT ("Plaintiff"), and Defendant, RIVIERA CATERERS INC. ("Defendant"). Plaintiff and Defendant shall hereinafter be collectively referred to as, the "Parties" for the purposes and on the terms specified herein.

## **RECITALS**

2.    Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181-12189 and its implementing regulation, 28 C.F.R. pt. 36 ("ADA"), prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations by any private entity that

1

owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

3. On July 19, 2018 Plaintiff filed this lawsuit as a putative class action in the U.S. District Court for the Southern District of New York entitled *KATHLEEN SYPERT v. RIVIERA CATERERS INC.* (Docket No. 1:18-cv-06522-LGS) (the "Action"). The Plaintiff alleged that Defendant's website: www.rivieracaterers.com (the "Website"), is not fully accessible to individuals with disabilities in violation of Title III of the ADA, the New York State Human Rights Law ("NYSHRL"), the New York State Civil Rights Law ("NYSCRL"), and the New York City Human Rights Law ("NYCHRL").

4. Defendant expressly denies that the Website violates any federal, state or local law, including the ADA, NYSHRL, NYSCRL, and the NYCHRL, and any other wrongdoing or liability whatsoever. By entry into this Consent Decree, Defendant does not admit any wrongdoing.

5. This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action, including any allegations set forth in Plaintiff's complaint and any claim or issue that may relate to any such allegation.

6. This Consent Decree is entered into by the Plaintiff, individually, prior to a determination on class certification, and as a result, notice to the putative class of this Consent Decree is neither required under Fed. R. Civ. P. 23(e), nor appropriate.

## **JURISDICTION**

7. Plaintiff alleges that Defendant is a private entity that owns and/or operates the Website which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiff contends that the Website is a

service, privilege, or advantage of the Defendant's physical locations, thus rendering it a public accommodation subject to Title III of the ADA. 42 U.S.C. §12181(7); 12182(a). Defendant denies that the Website is a public accommodation or a place of public accommodation or is otherwise subject to Title III of the ADA.

8.     This Court has jurisdiction over this Action under 28 U.S.C. § 1331, and 42 U.S.C. § 12188. The Parties agree that for purposes of the Action and this Consent Decree, venue is appropriate.

## AGREED RESOLUTION

9.     Plaintiff and Defendant agree that it is in the Parties' best interest to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint.  In resolution of this action, the Parties hereby AGREE to, and the Court expressly APPROVES, ENTERS and ORDERS the following:

## DEFINITIONS

10.     "Effective Date" means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

11.     "Person(s) with a visual impairment" means any person who has a visual impairment who meets the definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200.

12.     The "Website," as initially defined in Paragraph 3 above, means the publicly available eCommerce webpages owned and operated by or on behalf of Defendant that allow individuals to obtain information about Defendant's services.  "Website" does not

include any mobile applications or Third-Party Content (as defined below), nor does it apply to any portions of the Website designated for internal use by Defendant or its affiliates or to websites not owned, operated or controlled by Defendant but that are linked from or to the Website or its mobile applications, or to any website or webpages that are not publicly accessible via the internet.

13.   "Third Party Content" means web content that is generated by a third party and not owned, coded, managed, operated by or on behalf of Defendant, or hosted on the Website.

**TERM**

14.   The term of this Consent Decree shall commence as of the Effective Date and remain in effect for eighteen (18) months from the Effective Date.

**COMPLIANCE WITH TITLE III OF THE ADA**

15.   Web Accessibility Conformance Timeline: Defendant shall use commercially reasonable efforts to improve the existing level of accessibility of the Website for Person(s) with a visual impairment by using the Worldwide Web Consortium's Web Content Accessibility Guidelines WCAG 2.1 Level AA Success Criteria (as defined therein) ("WCAG 2.1 AA") as a guideline to make such improvements (hereinafter referred to as "Reasonable Efforts") within eighteen months of the Effective Date, provided that this timeframe of eighteen months will be extended in the instance that the Department of Justice releases regulations for websites under Title III of the ADA while this Consent Decree is in effect and which contain compliance dates and/or deadlines further in the future than the dates set forth herein.  Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts whose cost, difficulty or impact on the Website could constitute an

undue burden, as defined in Title III of the ADA, but as applied solely to the Website (as though the Website is a standalone business entity), or which could result in a fundamental alteration in the manner in which Defendant operates its Website (or the primary functions related thereto), or which could result in a loss of revenue or traffic on its Website related operations. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in paragraphs 17 through 24 of this Consent Decree. Between the Effective Date and eighteen (18) months from the Effective Date, Defendant shall test the Website on a periodic basis with assistive technology such as screen readers and screen magnifiers to determine whether it has used Reasonable Efforts.

## SPECIFIC RELIEF TO PLAINTIFF

16.     Specific Relief: The Plaintiff and the Defendant have agreed to settle all damages, attorneys' fees, experts' fees and other financial matters relating to any alleged inaccessibility of the Website through a separate agreement (the "Settlement Agreement") hereby incorporated by reference into this Consent Decree. The Settlement Agreement shall be provided to the Court *in camera* for inspection and review if the Court so requires in order to extend its enforcement jurisdiction over the terms of the Settlement Agreement.

## PROCEDURES IN THE EVENT OF DISPUTES

17.     The procedures set forth in Paragraphs 17 through 24 must be exhausted in the event that (i) Plaintiff alleges that Defendant has failed to meet its obligations pursuant to this Consent Decree, or (ii) Defendant alleges that there is a criteria of WCAG 2.1 AA with which it cannot substantially comply as set forth herein. There will

be no breach of this Consent Decree by Defendant in connection with such allegations until the following procedures have been exhausted.

18. If Plaintiff believes that Defendant has not complied in all material respects with any provision of the Consent Decree, Plaintiff shall provide Defendant with written notice of non-compliance containing the following information: (i) the alleged act of non-compliance; (ii) a reference to the specific provision(s) of the Consent Decree that is not being complied with in all material respects; (iii) a statement of the remedial action sought by the Plaintiff; and (iv) a reasonably detailed statement of the specific facts, circumstances and legal argument supporting the position of the Plaintiff ("Notice of Non-Compliance"). Defendant will notify Plaintiff in writing if it believes there is a criteria of this Consent Decree with which it cannot substantially comply hereunder, provided that should a provision of WCAG 2.1 AA not be applicable to the Website, and therefore compliance by Defendant with respect to such provision would be impossible, Defendant will not be required to notify Plaintiff pursuant to this section. All notifications must include reasonable detail and shall be made in the manner set forth in Paragraph 22. Plaintiff waives any and all rights that she may otherwise have to recover from Defendant any damages, attorneys' or experts' fees, costs, expenses, or disbursements of any kind related to any Notice of Non-Compliance and related activities.

19. Within thirty (30) days of either Party receiving notice as described in Paragraph 18, the other Party will respond in writing to the notice. Within fifteen (15) days of receipt of the response, the Parties will meet by telephone, or in person, in an attempt to informally resolve the issue.

20. If the issue remains unresolved within thirty (30) days of the meeting referenced in Paragraph 19, the Parties will each have an additional thirty (30) days to select an expert (each Party to bear its own costs with respect to such expert) and the two experts will mutually select an independent accessibility consultant with substantial experience in accessible website design who will evaluate the particular item(s) raised based on whether those item(s) of the Website are in substantial conformance with the Defendant's obligations under this Consent Decree.

21. There will be no breach of this Consent Decree unless (a) the independent accessibility consultant determines that a particular item(s) of the Website is not in substantial conformance with the Defendant's obligations under this Consent Decree; and (b) Defendant fails to remedy the issue using Reasonable Efforts within a reasonable period of time of not more than ninety (90) days of receiving the accessibility consultant's opinion. If the accessibility consultant believes that a reasonable time using Reasonable Efforts to remedy the items found is longer than ninety (90) days, then the Parties may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the Parties to this Agreement or their respective counsel. If the accessibility consultant finds that a particular item found not to be usable cannot be remedied using Reasonable Efforts, Defendant shall not be obligated to remedy that item.

22. The determination and award of the independent accessibility consultant will be enforceable in this Court. All costs for the independent accessibility consultant shall be borne equally by the Parties. Each Party shall bear their own costs, expenses, attorneys' fees and experts' fees in connection with the determination and award of the independent accessibility consultant.

23. Any of the time periods set forth in Paragraphs 17 through 21 may be extended by mutual agreement of the Parties.

24. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

> For PLAINTIFF:  Joseph H. Mizrahi, Esq.
> Cohen & Mizrahi LLP
> 300 Cadman Plaza West, 12th Floor
> Brooklyn, NY 11201
> Email: Joseph@cml.legal
> Phone: 929-575-4175
> Fax: 929-575-4195
>
> For DEFENDANT:  James F. Valentino, Esq.
> CLAYMAN & ROSENBERG LLP
> 305 Madison Avenue, Suite 1301
> New York, New York 10165
> Email: valentino@clayro.com
> Phone: (212) 922-1080
> Fax: (212) 949-8255

## MODIFICATION

25. No modification of this Consent Decree shall be effective unless in writing, signed by authorized representatives of all Parties and ordered by the Court.

## ENFORCEMENT AND OTHER PROVISIONS

26. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York. This Court shall retain jurisdiction over this matter for purposes of enforcement of this Consent Decree in accordance with its terms.

27. This Consent Decree contains the entire agreement of the Plaintiff and the Defendant concerning the subject matter described in Paragraph 3, other than the terms of the Settlement Agreement, and no other statement, promise, or agreement, either written or

oral, made by any party or agent of any party, that is not contained in this Consent Decree, and concerns the subject matter described in Paragraph 3, shall be enforceable, other than the Settlement Agreement.

28. If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

### **PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES**

29. The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all Person(s) with a visual impairment who have accessed or may access the Website, which persons shall constitute third-party beneficiaries to this Consent Decree.

30. The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendant to this Consent Decree.  This Consent Decree shall be binding on the Parties and their successors and assigns.

31. The Parties agree that, as of the date of entry of this Consent Decree, litigation is not "reasonably foreseeable" concerning the matters described herein and alleged in the Complaint.  To the extent that any of the Parties previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in this Consent Decree, the Party is no longer required to maintain such litigation hold.  Nothing in this paragraph relieves any Party of any other obligations imposed by this Consent Decree.

## **CONSENT DECREE HAS BEEN READ**

32. Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

Dated: _____                      _____
                                                                                  KATHLEEN SYPERT


Dated: _____                      RIVIERA CATERERS INC.

                                                                                  By: _____

                                                                                  _____

                                                                                  _____


APPROVED AS TO FORM AND CONTENT:

                                                                                  COHEN & MIZRAHI LLP

Dated: _____                      By: _____
                                                                                  Joseph H. Mizrahi, Esq.
                                                                                  300 Cadman Plaza West, 12th Floor
                                                                                  Brooklyn, NY  11201
                                                                                  Attorneys for Plaintiff Kathleen Sypert


                                                                                  CLAYMAN & ROSENBERG LLP

Dated: __10.11.18_____           By: _/s/ JimVal/_____
                                                                                  James F. Valentino, Esq.
                                                                                  305 Madison Avenue, Suite 1301
                                                                                  New York, New York 10165
                                                                                  Attorneys for Defendant Riviera Caterers Inc.

## CONSENT DECREE HAS BEEN READ

32. Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

Dated: 10-12-2018

*[signature]*
KATHLEEN SYPERT

Dated: 10/10/18

RIVIERA CATERERS INC.
By: *[signature]*

APPROVED AS TO FORM AND CONTENT:

COHEN & MIZRAHI LLP

Dated: 10-12-2018

By: *[signature]*
Joseph H. Mizrahi, Esq.
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Attorneys for Plaintiff Kathleen Sypert

CLAYMAN & ROSENBERG LLP

Dated: _____

By: _____
James F. Valentino, Esq.
305 Madison Avenue, Suite 1301
New York, New York 10165
Attorneys for Defendant Riviera Caterers Inc.